**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GLENN WAYNE LEE,

      Petitioner-Appellant,

v.

H. N. SCOTT, sued as H. N. "Sonny" Scott,

      Respondent-Appellee.

No. 00-5228
(D.C. No. 98-CV-127-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

      After examining the petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Glenn Wayne Lee, an Oklahoma state prisoner proceeding pro se, was convicted by a jury of unlawful possession of a controlled drug with intent to distribute after former conviction of a felony and unlawful possession of paraphernalia. He seeks a certificate of appealability (COA) to challenge the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253 (c)(1)(A). He has also requested leave to proceed on appeal without prepayment of fees. That request is granted. Upon consideration of the issues raised, we deny issuance of a COA and dismiss the appeal.

Petitioner's federal habeas petition challenged the state appellate court's holding that his successive post-conviction petition was procedurally barred. His first application for post-conviction relief filed in the state court was granted in part and denied in part. The state appellate court affirmed. Petitioner attempted to amend his post-conviction petition, which the state trial court denied on the merits, but which the state appellate court treated as a successive petition and dismissed as procedurally barred.

Petitioner then filed his federal habeas petition claiming the State's post-conviction corrective process was inadequate to address the merits of his claims and the state courts' dismissal of his successive post-conviction petition violated his rights to due process and equal protection. Even though petitioner

-2-

had not presented these claims to the state courts, the district court held that the exhaustion requirement of § 2254(b) was met because requiring petitioner to file another successive state-court application for post-conviction relief would be futile. The district court denied habeas relief, holding that petitioner's claims were not cognizable in a federal habeas proceeding. Petitioner appeals, reasserting his challenge to the State's post-conviction procedures.

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Before a COA will issue, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed petitioner's brief and the appellate record. For substantially the same reasons underlying the district court's November 3, 2000 order denying habeas relief, we conclude that petitioner has failed to make the required showing to obtain a COA under § 2253(c)(2).

The motion for leave to proceed in forma pauperis is GRANTED. The application for issuance of a COA is DENIED. The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge